# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS MAURICE WASHINGTON, <br><br> Petitioner, <br><br> v. <br><br> TIM VIRGA, Warden, <br><br> Respondent. | Case No. CV 10-9623 PA (JCG) <br><br> **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has carefully studied the Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. For the reasons detailed below, the Court adopts the findings, conclusions, and recommendations of the Magistrate Judge, and denies a certificate of appealability.

## I.     Scope and Nature of Objections

Foremost, Petitioner does not contest several of the Magistrate Judge's findings, including that his conviction was final on October 1, 2000; he did not seek collateral review of his conviction until he filed a state habeas petition *almost seven years later* in July 2007; the California Supreme Court denied his final habeas

1  petition as untimely on August 13, 2008; and Petitioner did not sign his federal
2  petition until *over two years later* on November 30, 2010.
3       Rather, Petitioner objects to the Report and Recommendation on two grounds:
4  (1) that he is entitled to several years of equitable tolling that renders the Petition
5  timely; and (2) that the statute of limitations in the Antiterrorism and Effective Death
6  Penalty Act ("AEDPA") is unconstitutional. Neither of these objections is tenable.

## II.    Petitioner Is Not Entitled to Equitable Tolling

8       Petitioner first contends that he is entitled to equitable tolling because of three
9  constraints on his ability to file a federal petition: (1) his mental illness and dyslexia;
10 (2) his limited education and lack of access to a lawyer or other legal assistance; and
11 (3) limitations on his access to the law library and the computers in the library. The
12 Court lays out the operative standard and, then, addresses each of these arguments in
13 turn.
14      While the one-year AEDPA statute of limitations is subject to equitable
15 tolling in appropriate cases, *Holland v. Florida*, __ U.S.__, 130 S.Ct. 2549, 2560
16 (2010), "the threshold necessary to trigger equitable tolling [under AEDPA] is very
17 high, lest the exceptions swallow the rule[,]" and equitable tolling is "unavailable in
18 most cases," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal
19 quotation marks and citations omitted).
20      A petitioner is entitled to equitable tolling *only* if he shows "(1) that he has
21 been pursuing his rights diligently, and (2) that some extraordinary circumstance
22 stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408,
23 418 (2005). *See also Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)
24 (emphasizing that a petitioner must establish that the extraordinary circumstances
25 "were the cause of his untimeliness" (citation and internal quotation marks
26 omitted)).
27      Petitioner has not made this showing with respect to any of the claimed
28 impediments.

2

A.     Episodes of Mental Illness and Alleged Dyslexia

In support of his purported mental illness and dyslexia, Petitioner submitted voluminous mental health records from early 2000 to the present. The Court has reviewed these records and concludes they do not advance Petitioner's argument, particularly as to *several years* of equitable tolling.

A petitioner is not entitled to equitable tolling due to a mental impairment unless he meets a two-part test:

(1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either

(a)  he was unable rationally or factually to personally understand the need to timely file, or

(b) his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

In this case, Petitioner fails to hurdle these two prongs. In sum, while his mental health records indicate that he suffered from some depression and self-reported dyslexia, the records do *not* show that these conditions amounted to "extraordinary circumstances."  Because, the claimed cognitive deficits were, at best, temporary and fail to account for the several years of delay here. Several records underscore Petitioner's normal functioning both *before and after* the statutory AEDPA limitation period expired:

For instance, before the AEDPA limitation period, Petitioner reported periods with no psychological symptoms from November 2000 to June 2001.  (*See*, *e.g.,*

3

progress notes from 11/21/00 and 12/19/00 [reporting Petitioner "stable" and "not depressed"]; 3/21/01 ["asymptomatic now"]; 5/14/01 ["[no] psych complaints"]; 6/11/01 ["[no] psych complaints"].)

After the AEDPA limitation period, Petitioner had extended periods of minimal symptoms and normal cognitive functioning during almost six years. (*See, e.g.*, mental health treatment plan assessments for 5/21/2002 [cognitive functioning within normal limits], 5/20/03 [same], 4/15/04 [same], 10/4/04 [same], 8/5/05 [same], 7/7/06 [same].)

This does not stand alone.

During that post-AEDPA limitation period, Petitioner worked on legal work, attempted to assist in his children's custody proceeding, participated in education programs, and entertained himself by reading. (*See, e.g.,* progress notes from 12/24/03 ["attempting to assist wife in regaining custody . . . working on appeal w assistance of other IMs"], 7/2/04 ["still working on legal"], 11/5/04 ["stays busy exercising and reading . . . wants a job"], 9/30/05 [complaining that he lost his prison job and "education" due to administrative segregation after a riot], 9/6/06 ["back to school, works on his Hsch diploma"], 1/12/07 ["spends his day reading and writing"].)

Indeed, the records reflect that Petitioner was also generally doing well with normal cognitive functioning during the over two-year period between the denial of his state habeas petitions and the filing of his federal habeas case. (*See e.g.*, 2/20/08 notes [reporting depressive disorder with psychotic features "in remission"]), 4/22/09 assessment [reporting depressive symptoms "[c]urrently controlled" and mental status variables all within normal limits], 7/23/09 notes [reporting "depression in remission" and petitioner working "in school"], 1/7/10 notes [diagnosed conditions "in remission"] .)

Granted, Petitioner reported that he was in "special ed" in high school and has dyslexia. But his records indicate that his intellectual functioning is relatively high

4

and that he either had, or was working towards, his GED. (*See* 4/27/2000 determination that no support services were required because Petitioner "has high cognitive test scores," 11/05/08 notes [reporting that petitioner "seemed of average intellectual abilities"], and 4/22/09 assessment [reporting that Petitioner was "working on his GED" and that he has "high cognitive scores and no spec. needs"].)

All things considered, with the possible exception of one or two episodes lasting a few months in 2003 and 2005, Petitioner's records fail to establish significant periods in which he was so functionally impaired that he was incapable of preparing a habeas petition or that his psychological condition was the cause of his multi-year delay in filing a federal petition. This case mirrors the situation in *Roberts v. Marshall*, 627 F.3d 768 (9th Cir. 2010). There, the Ninth Circuit held that a petitioner was not entitled to equitable tolling where his mental records indicated that he had "psychotic depression," but repeatedly stated that his relevant mental functions were "good" or "within normal limits" and he was also able to file state petitions during the relevant time period. *Id.* at 770, 772-73.

The instant case does not compel a different conclusion. Accordingly, even affording Petitioner the benefit of the doubt, he has not demonstrated that he is entitled to equitable tolling – due to mental impairments – for the nine-year span at issue here. *Bills*, 629 F.3d at 1099-1100.

### B. Lack of Education and Legal Assistance

Petitioner next contends that he is entitled to equitable tolling because he has "the functional equivalent of a middle school education" and therefore should have been given assistance "by persons trained in the law." (Objs. at 9.) It is well established that a petitioner's *pro se* status, lack of legal training, and lack of legal assistance is typically not a basis for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

1   Even if lack of legal assistance and education could justify equitable tolling
2 in rare cases, they do not justify the tolling Petitioner desires here.  Petitioner was
3 able to file a 55-page, extensively researched writ of habeas corpus raising his
4 federal claims in the California Supreme Court in February of 2008 (Pet., Ex. 4.),
5 and his psychological symptoms were generally in remission after that.  *See Roberts*,
6 627 F.3d at 773 (petitioner was not entitled to equitable tolling for mental
7 impairments during period in which he was able to file state habeas petitions raising
8 the same arguments he presented in his federal habeas petition).  Nonetheless,
9 Petitioner elected not to file the Petition in this case until November 2010.

10           C.    Access to the Law Library and Computers

11   Petitioner lastly complains that he had limited access to the law library
12 because law library hours conflicted with his education classes and he had to share
13 the computers in the library with other inmates.  Neither of these conditions warrant
14 equitable tolling.

15   Ordinary prison limitations on law library access generally do not constitute
16 "extraordinary circumstances" justifying equitable tolling.  *See Ramirez v. Yates*,
17 571 F.3d 993, 998 (9th Cir. 2009) (holding that ordinary prison limitations on
18 petitioner's law library access were neither "extraordinary" nor made it "impossible"
19 for him to file his petition in a timely manner and explaining that, "concluding
20 otherwise would permit the exception to swallow the rule").

21   This case is no exception.  Petitioner states that he had access to the law
22 library for approximately 24 hours a year between 2000 and 2007 and 40 hours a
23 year between 2008 and 2010.  (Objs, Ex. 3 at 2.)  He has not shown that these were
24 extraordinary limitations on his library access or that they made it impossible to file
25 a federal petition in a timely manner.

26   Even if these limitations, along with his periodic psychological symptoms and
27 dyslexia, caused some delay in Petitioner's ability to pursue his federal claims, they
28 do not explain what ultimately amounted to *nine years* of delay.  Indeed, even if

Petitioner were somehow entitled to equitable tolling for the entire period before he filed his first state habeas petition in 2007, Petitioner still cannot support that he pursued his rights diligently after that time. He asserts that he needed time to "federalize" his habeas claims after his petition to the California Supreme Court was denied as untimely (Objs., Ex. 3 at 3), but he purports to be raising claims in his federal petition identical to those he presented in state court (Pet. at 5-10). Yet, Petitioner waited more than *two years* after the state court denied his final habeas petition before he sought federal relief *via* this Petition.

In the end, equitable tolling is not justified in this case and cannot rescue Petitioner from a dilatory pursuit of his federal rights.

### III.  The AEDPA Statute of Limitations Is Constitutional

Petitioner alternatively contends that the AEDPA statute of limitations is unconstitutional. According to him, the statute of limitations clashes with Petitioner's First Amendment right of access to the courts. This claim lacks merit.

The Constitution requires prisoners to be given only a "reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). The AEDPA statute of limitations does not deprive prisoners of that opportunity; it merely requires them to file a habeas petition within the time limits provided. Accordingly, this Court concurs with decisions within this circuit rejecting this and similar constitutional challenges to the AEDPA statute of limitations. *See e.g., McCoy v. Sisto*, 2010 WL 455464, at *1 (E.D. Cal. Feb. 3, 2010) (rejecting claim that the AEDPA limitations period violated petitioner's right of access to the courts and collecting cases); *cf. Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (rejecting claim that AEDPA's limitations period violates the Suspension Clause because it "does not render federal habeas an inadequate or ineffective remedy" to test the legality of a state prisoner's detention and "leaves petitioners with a reasonable opportunity to have their federal claims heard").

### IV. Order

Having made a *de novo* determination of the portions of the Report and Recommendation to which the Objections were directed, the Court agrees with and adopts the findings and conclusions of the Magistrate Judge's Report and Recommendation.  Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered dismissing the action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

3. Petitioner's request for a Certificate of Appealability is DENIED because he has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

DATED: March 17, 2011.

_____

HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE